**WALKER et ux. v. HOPKINS, Collector of Internal Revenue.**

(Circuit Court of Appeals, Fifth Circuit. March 11, 1926.)

No. 4607.

Internal revenue ⟨key⟩7—Income derived by stockholder from dividend of corporation held taxable (Revenue Act 1918, § 201 [a], [b], being Comp. St. Ann. Supp. 1919, § 6336⅛b).

A stock dividend declared by a corporation does not diminish its assets nor its accumulated earnings, and has no effect on cash dividends subsequently declared, which, under Revenue Act 1918, § 201(a), (b), being Comp. St. Ann. Supp. 1919, § 6336⅛b, are deemed to have been made from earnings or profits accumulated since February 28, 1913, and if the dividend does not exceed such earnings the share received by a stockholder is taxable income.

In Error to the District Court of the United States for the Northern District of Texas; Wm. H. Atwell, Judge.

Action by J. A. Walker and wife against George C. Hopkins, Collector of Internal Revenue. Judgment for defendant, and plaintiffs bring error. Affirmed.

Certiorari denied 46 S. Ct. 638, 70 L. Ed. ——.

D. D. McDonald and Jas. W. Wayman, both of Galveston, Tex., for plaintiffs in error.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Sp. Asst. U. S. Atty., both of Fort Worth, Tex. (A. W. Gregg, Solicitor of Internal Revenue, and Charles T. Hendler, Sp. Atty. Internal Revenue, both of Washington, D. C., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiffs in error, hereafter called plaintiffs, were stockholders of the Walker-Smith Company, a corporation. On March 1, 1913, that company had a capital stock of $500,000 and a surplus of $250,665.63, which surplus on January 1, 1917, had been increased by earnings to $597,904.55. On January 1, 1917, a stock dividend of $400,000 was declared, of which plaintiffs received their due proportion. During the year 1917 the company made profits amounting to $124,733.58, and in March, 1918, declared a cash dividend of $200,000, and attempted to allocate it, one-half to the earnings of 1916, and one-half to those of 1917. Plaintiffs received their proportion of the cash dividend also. In making their personal income tax returns they omitted the portion of this cash dividend which purported to be paid out of the earnings of 1916. Thereafter their income returns for 1918 were adjusted and the tax assessed on a basis including the cash dividend previously omitted. They paid under protest, were denied a refund, and brought this suit to recover back $10,962.14, alleged to have been erroneously assessed against them. The jury was waived and the case submitted on an agreed statement of facts, substantially as above set out. A motion of plaintiffs for judgment was denied, and judgment was entered for defendant, to reverse which this writ of error is prosecuted. The errors assigned all run to the action of the District Court as above indicated.

It is the contention of plaintiffs that, since the stock dividend of $400,000 made on January 1, 1917, more than absorbed the earnings of the corporation between March 1, 1913, and January 1, 1917, the cash dividend of $200,000 declared in March, 1918, for the purpose of taxation as the income of the stockholders must be considered as not exceeding the earnings of the corporation for the year 1917, to wit, $124,733.58.

The provisions of the law under which this case arises (Act Feb. 24, 1919, 40 Stat. 1057) are substantially the same as those of the Revenue Act of 1916 (Comp. St. § 6336a et seq.). By the terms of the act the taxable income of individuals includes dividends received from corporations and paid out of the earnings or profits accumulated since February 28, 1913. As to what are to be considered taxable dividends, the parts of the statute material to this case (section 201) are as follows:

"(a) The term 'dividend' when used in this title * * * means (1) any distribution made by a corporation, * * * to its shareholders or members, whether in cash or in other property or in stock of the corporation, out of its earnings or profits accumulated since February 28, 1913. * * *

"(b) Any distribution shall be deemed to have been made from earnings or profits unless all earnings and profits have first been distributed. Any distribution made in the year 1918 or any year thereafter shall be deemed to have been made from earnings or profits accumulated since February 28, 1913."

Comp. St. Ann. Supp. 1919, § 6336⅛b.

In Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, the Supreme Court held that shares of stock distributed as dividends are not income, on the ground that the stockholder has received nothing out of the company's assets for his

separate use and benefit, while his original investment, together with any accretions, still remains the property of the company, subject to business risks.

This decision is applicable to the Act of February 24, 1919, and its effect is to take out of the statute the provision making stock dividends taxable as the income of individual stockholders, the same as if that provision had never been written in the law. That, however, does not affect the provision as to cash dividends at all, and it inevitably follows that, as a stock dividend works no change in the ownership of the assets of the corporation, any cash distribution of the profits accruing subsequent to February 28, 1913, is taxable as income of the individual stockholders, regardless of when it is actually made. Considering the facts in this case, it is clear that the stock dividend of January 1, 1917, was not a distribution of profits or accretions at all, and left the accumulations of the corporation untouched and available for future disposal.

In this connection it is unnecessary to decide whether the provision of the act that "any distribution shall be deemed to have been made from earnings or profits unless all earnings and profits have first been distributed" creates a presumption juris et de jure or one rebuttable, as it is conclusively shown that there were sufficient earnings since February 28, 1913, out of which to pay the dividend.

We find no error in the record.
Affirmed.